# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO. 12-cv-00188 (DWF/TNL)

| | |
|---|---|
| Troy K. Scheffler, on behalf of himself and all similarly situated persons,<br><br>          Plaintiff,<br>v.<br><br>Integrity Financial Partners, Inc., and National Asset Recovery Services, Inc.,<br><br>          Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CORRECT ORDER AND JUDGMENT PURSUANT TO FED. R. CIV. P. 60.** |

## **INTRODUCTION**

This is a telephone number laundering case arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). On October 28, 2013 the Court issued a Memorandum Opinion and Order ("Order") granting Defendants' Motion for Summary Judgment, denying Plaintiff's Motion for Partial Summary Judgment, dismissing with prejudice Plaintiff's Complaint, and denying as moot Plaintiff's Motion to Certify a Class. [*See* ECF. No. 55.] However, in its Order the Court did not properly analyze the fact that Plaintiff's caller ID displayed in its text the location "Osseo, MN" when Defendant IFP called Plaintiff. This consequently altered the Court's application of the law and resulted in a mistake of fact under Federal Rule of Civil Procedure 60(b)(1). Therefore, Plaintiff now respectfully moves to correct the Order and corresponding Judgment under Federal Rule of Civil Procedure 60(b).

**BACKGROUND**

In passing the FDCPA, Congress found that, "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). One of the purposes of the FDCPA is therefore, "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). More specifically, the FDCPA states that, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt…the following conduct is a violation of this section: (6) … the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Additionally, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt…the following conduct is a violation of this section: (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Defendants in the present case are debt collectors under the FDCPA. [ECF No. 55 at 2.] Defendants are therefore subject to the requirements of the FDCPA when engaging in debt collection activities. "Plaintiff incurred a consumer debt with American Express, which was placed with [Defendant] IFP for collection." [*Id.*] "Between November 7, 2011 and January 3, 2012, Defendant IFP placed seven calls to Plaintiff." [*Id.*] "When [Defendant] IFP called Plaintiff, the local telephone number – Osseo, MN 763-447-**** – appeared on Plaintiff's caller ID." [*Id.*] On January 25, 2012, Plaintiff filed its Complaint

alleging multiple violations of the FDCPA related to the laundering of the Defendant's telephone number. [ECF No.1.] On May 1, 2013 Defendants moved for summary judgment on all of Plaintiff's claims. [ECF No. 26.] Also on May 1, 2013, Plaintiff moved for partial summary judgment as to liability under its 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(10) claims [ECF No. 38], and to certify a class. [ECF No. 32.]

Plaintiff alleged that because the local telephone number that Defendant IFP had called Plaintiff from on several occasions displayed a false term "Osseo, MN", there was no "meaningful disclosure" of Defendant IFP's identity as required by 15 U.S.C. § 1692d(6), and there was a, "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" under 15 U.S.C. § 1692e(10). [ECF No. 1 ¶¶ 6, 7, 23, 33, 70, 71.] More precisely, because Defendant IFP was not located in "Osseo, MN," but rather in Overland Park, Kansas, when it called Plaintiff, Defendant violated 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(10). [ECF No. 1 ¶ 8.] Defendant IFP was able to get the location of "Osseo, MN" to appear on Plaintiff's caller ID, when Defendant was in fact calling from Overland Park Kansas, by using a product called "LocalTouch" that lets Defendant acquire blocks of local phone numbers from a company called "NobelBiz." [ECF No. 55 at 2.]

In an October 28, 2013 Order, the Court granted Defendants' Motion for Summary Judgment, denied Plaintiff's Motion for Partial Summary Judgment, dismissed with prejudice Plaintiff's Complaint, denied as moot Plaintiff's Motion to Certify a Class, and ordered judgment to be entered accordingly. [ECF No. 55 at 10.] The Court's Order and corresponding Judgment were based on its conclusion that Defendants did not violate, and

3

were therefore not liable under, the FDCPA. [ECF No. 55 at 9.] The fact that Defendant IFP actually owned the telephone number from which it called Plaintiff was singularly important to the Court's determination that the phone calls by Defendant were not deceptive and therefore not in violation of the FDCPA. [ECF No. 55 at 7-9.]

## LEGAL STANDARD AND ARGUMENT

On motion by a party a court, "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). "Rule 60(b) is to be given a liberal construction so as to do substantial justice and to prevent the judgment from becoming a vehicle of injustice." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996) (citations omitted). "Abuse of discretion occurs if the district court rests its conclusion on clearly erroneous factual findings or if its decision relies on erroneous legal conclusions." *Id.* (citations omitted). Rule 60(b) permits relief when the district court makes a substantive error of law or fact in its judgment or order. *See Utah ex rel. Div. of Forestry, Fire & State Lands v. U.S.*, 528 F.3d 712, 722-23 (10th Cir. 2008).

Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff seeks relief from the Court's October 28, 2013 Order. [*See* ECF. No. 55.] In the Court's Order and corresponding Judgment the Court did not properly analyze the fact that Plaintiff's caller ID displayed the location "Osseo, MN" when Plaintiff was called by Defendant IFP. This consequently altered application of the law and resulted in a mistake of fact under Rule 60(b)(1). Therefore, Plaintiff respectfully requests relief from the October 28, 2013 Order

and corresponding Judgment, and asks that it be corrected pursuant to Federal Rule of Civil Procedure 60(b).

**I.     IF THE COURT HAD PROPERLY ANALYZED THE DISPLAY ON PLAINTIFF'S CALLER ID, ITS APPLICATION OF THE LAW WOULD HAVE ALTERED ITS ORDER AND CORRESPONDING JUDGMENT**

In its Order, the Court acknowledges that the Minnesota district court case of *Knoll v. Allied Interstate, Inc.*, 502 F. Supp. 2d 943 (D. Minn. 2007), "stands for the proposition that a debt collector cannot contact a debtor using a telephone number that causes false information to appear on a consumer's caller ID." [ECF No. 55 at 7.] In *Knoll,* the false information that appeared on the consumer's caller ID and therefore potentially violated the FDCPA was the name, "Jennifer Smith." *Id.* at 945. "The practice of displaying false information via a caller identification device to deceive debtors into answering or returning the debt collector's call," was sufficient to withstand a motion to dismiss. *Id.* at 948.

In the present case, the Court concluded that because there is no dispute that the telephone number which appeared on Plaintiff's caller ID actually belongs to Defendant IFP, there was no violation of the FDCPA as contemplated by *Knoll*, 502 F. Supp. 2d 943 (D. Minn. 2007), *Zortman v. J.C. Christensen & Assocs., Inc.*, 870 F. Supp. 2d 694 (D. Minn. 2012), and *Sohns v. Bramacint, LLC*, 2010 WL 3926264 (D. Minn. Oct. 1, 2010). [ECF No. 55 at 7-9.] However, in its Memorandum Opinion and Order, the Court does not properly consider the fact that the information that appeared on Plaintiff's caller ID when Defendant IFP called Plaintiff included a false representation that the source of the call was "Osseo, MN." The Court distinguished *Knoll* by stating that:

5

> [T]here is no dispute that the local phone number displayed by IFP on Plaintiff's caller ID actually belongs to IFP. The Court is not aware of any controlling authority that would require a debt collector to leave its name on a consumer's caller ID and notes the existence of cases that find otherwise.

[ECF No. 55 at 7.] While the Court found that Defendant IFP's omission of its name in the caller ID display was not deceptive, it did not address the fact that the location "Osseo, MN" that appeared in the caller ID display was false and deceptive. Additionally, the Court stated that:

> Here, when IFP called Plaintiff, Plaintiff's caller ID displayed a local telephone number. There is no dispute that IFP owns the number that was displayed…Unlike the cases relied upon by Plaintiff, IFP did not display the name of a fictitious person (as in *Knoll*) or pretend to be a family member calling (as in *Sohns*). The Court concludes that because the information displayed on Plaintiff's caller ID was accurate, there is no liability under the FDCPA.

[ECF No. 55 at 9.] Again, the Court did not analyze the fact that the caller ID information contained the false or "ficticious" location of the source of the phone call, i.e., "Osseo, MN." It only considered the fact that Defendant IFP owned the telephone number from which it was calling. Had the Court further reviewed the text and the false location that appeared on Plaintiff's caller ID, its application of *Knoll* and corresponding law would have resulted in a different outcome.

Although the information that appeared on Plaintiff's caller ID informed Plaintiff that the call he was receiving was being made from Osseo, Minnesota, the call was in fact being made from Overland Park, Kansas. Defendant's use of a local "Osseo, MN" telephone number was an attempt to deceive Plaintiff into picking up, not knowing that the call was actually from a debt collector located in Overland Park, Kansas. If it were not

6

Defendant's intention to deceive the Plaintiff there would be no reason for Defendant to purchase and use an "Osseo, MN" telephone number and then explicitly state it in the text.

If the Court had properly considered the fact that the display on Plaintiff's caller ID included the location "Osseo, MN," it would have found that this case is similar to *Knoll*, where in an attempt to deceive the consumer, caller ID informed the consumer that the call being received was from a Jennifer Smith when in fact the call was from the debt collector. 502 F. Supp. at 925. Just as the caller ID display in *Knoll* displayed the name of a fictitious person and the debt collector in *Sohn* pretended to be a family member calling, the caller ID display in the present case displayed the false location of "Osseo, MN." The debt collector was pretending to call from Osseo, Minnesota in order to get Plaintiff to pick up the telephone. Therefore, the call made to the Plaintiff in the present case caused, "false information to appear on [Plaintiff's] caller ID," which the Court specifically stated in its Memorandum Opinion violated the law according to *Knoll*. [ECF No. 55 at 7.] Under Federal Rule of Civil Procedure 60(b), which allows relief from an order and judgment for mistake of fact, the Court should relieve Plaintiff from its Order and corresponding Judgment and accordingly correct its Judgment to find that the caller ID display on Plaintiff's telephone was false and deceptive under the FDCPA.

**II.    AN UNSOPHISTICATED CONSUMER WOULD HAVE FOUND THE LOCATION "OSSEO, MN" TO BE FALSE AND DECEPTIVE**

It may be argued that because the telephone number owned by Defendant IFP was in fact possibly an "Osseo, MN" telephone number, Defendant IFP did not engage in any false or otherwise deceptive practices. However, whether a communication is deceptive

7

under the FDCPA is judged from the perspective of an "unsophisticated consumer." *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000) (citation omitted). The unsophisticated consumer standard is, "a standard designed to protect consumers of below average sophistication or intelligence." *Id.* at 874 (citation omitted). "This standard protects the uninformed or naive customer." *Id.* When an unsophisticated consumer receives a telephone call and the display on their caller ID states that the call is being made from "Osseo, MN," the presumption of the unsophisticated consumer is going to be that the call is in fact being made from a party located in Osseo, MN. It is beyond the understanding of the unsophisticated consumer that the call is in fact being made from a debt collector located in Overland Park, Kansas. The unsophisticated consumer would not know that a party calling them from Overland Park, Kansas can buy blocks of Minnesota telephone numbers and therefore make it seem as though they are actually calling from "Osseo, MN" with the intent of getting the unsophisticated consumer to pick up the phone call. The unsophisticated consumer would likely believe that the call they are receiving is being made from someone located in Osseo, Minnesota. Therefore, the fact that Defendant IFP was actually located in Overland Park, Kansas when making phone calls to Plaintiff caused what an unsophisticated consumer would see as false information to appear on the Plaintiff's caller ID. Under *Knoll* this is a clear violation of the FDCPA.

The present case is factually distinguishable from previous cases where the information displayed on caller IDs was deemed not to be false. For example, in *Elliott v. GC Servs., LP*, 2011 WL 5975671, *3 (M.D. Fla. Nov. 28, 2011) an "800" number that was displayed on the consumer's caller ID was in no way false because it was in fact the

telephone number the debt collector was calling from. Unlike in the present case it did not display a false and misleading location from which the debt collector was not in fact calling. *Id.* Additionally in *Carman v. CBE Grp., Inc.*, 782 F. Supp. 2d 1223, 1233-34 (D. Kan. 2011), the only information that was displayed on the consumer's caller ID was an accurate phone number. There was no location displayed, and therefore there was no false information, such as an inaccurate location, as there was in the present case. *Id.* Finally, *Glover v. Client Servs, Inc.*, 2007 WL 2902209 (W.D. Mich. Oct. 1, 2007) is distinguishable. In *Glover*, the caller ID simply displayed the phrase "unavailable," which the court determined was in no way false. *Id.* at *3. The information conveyed was not false simply because the debt collector did not actively supply more information. *Id.* However, unlike in *Glover,* in the present case Defendant IFP actively supplied false information for the purpose of disguising the location from which the call was made when the caller ID display stated that the call originated from "Osseo, MN." Therefore, under the unsophisticated consumer standard the caller ID display on Plaintiff's telephone in the present case did contain false and deceptive information in violation of the FDCPA.

## **CONCLUSION**

If the Court had properly considered the evidentiary proof that the caller ID display on Plaintiff's telephone falsely stated that the call from Defendant IFP was being made from "Osseo, MN," the Court's application of law to the facts of this case would have been different, and the Court's Order and corresponding Judgment would not have been entered in favor of Defendants' Motion for Summary Judgment. Therefore, the Plaintiff respectfully requests that the Court grant his Rule 60(b) motion which allows relief from

an order or judgment based on mistake, and that the Order and Judgment be corrected accordingly.

Dated this 25th day of November, 2013.

          By: s/Thomas J. Lyons Jr.
          Thomas J. Lyons, Jr., Esq.
          Attorney I.D. #0249646
          367 Commerce Court
          Vadnais Heights, MN 55127
          Telephone: (651) 770-9707
          Facsimile: (651) 704-0907
          tommycjc@aol.com

          Thomas J. Lyons, Esq.
          Attorney I.D. #65699
          367 Commerce Court
          Vadnais Heights, MN 55127
          Telephone: (651) 770-9707
          Facsimile: (651) 704-0907
          tlyons@lyonslawfirm.com

          Peter J. Nickitas, Esq.
          Peter J. Nickitas Law Office LLC
          431 South Seventh Street
          Suite 2446
          Minneapolis, MN  55415-0221
          Telephone: 651-238-3445
          Facsimile: 952-546-6666
          peterjnickitaslawllc@gmail.com

          *ATTORNEYS FOR PLAINTIFF*