UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO. 12-cv-00188 (DWF/TNL)

| | |
|---|---|
| Troy K. Scheffler,<br><br>           Plaintiff,<br>v.<br><br>Integrity Financial Partners, Inc., and National Asset Recovery Services, Inc.,<br><br>           Defendants. | **PLAINTIFF TROY SCHEFFLER'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR TAXATION OF COSTS** |

To the above-named defendants, by and through counsel, Plaintiff Troy K. Scheffler opposes the Defendants' motion for taxation of costs. The court should deny the motion for costs in its entirety.

**Summary**

Defendants seek taxation of deposition expenses and expenses of counsel totaling in excess of $6,375.81. Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 control. 28 U.S.C. § 1920 does not authorize taxation of the attorney expenses, totaling $4,615.22 set forth in Exhibits C through G of Document #58, itemization of bill of costs. The court did not rely upon the depositions of the George DelVecchio[1] or Plaintiff[2] in rendering its decision. Taxation of the deposition expenses[3] does not, therefore, lie. Finally, Plaintiff appears *in forma pauperis*. The court should not tax costs to a pauper, Mr. Scheffler.

---

[1] Citations appearing at pp. 1, 5, and 9 of 10 of Order (Doc. 55)
[2] Citation appearing at p. 1 of 10 of Doc. 55
[3] Totaling $1,760.59 at Doc. 58, Exhibits A and B

1

**Argument**

Fed. R. Civ. P. 54(d) governs taxation of costs, even in the case of a rejected Fed. R. Civ. P. 68 offer.[4]  28 U.S.C. § 1920 governs Fed. R. Civ. P. 54(d).  *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006), *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009)[5].

The expenses set forth at Document 58 Exhibits C – G are travel and lodging expenses of outside counsel.  No statutory, rule, or case law authority authorizes payment of these costs.[6]  The court should deny these costs summarily.

The Defendants' motion to tax deposition costs of $1,760.22 has a basis in 28 U.S.C. § 1920(2), "if [the] depositions were necessarily obtained for use in [this case].] *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762-63 (8th Cir. 2006) (adopting multifactor test that includes determination whether the deposition was "otherwise useful in assisting a resolution of contested issues[]").  Id.

---

[4] *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S. Ct. 1146, 1150 (1981)

[5] These awards, however, must fit within 28 U.S.C. § 1920, which enumerates the costs that a district court may tax. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S. Ct. 2494, 96 L.Ed.2d 385 (1987). The section at issue in this case, § 1920(4), states that a judge may tax "costs of making copies of any materials where the copies are necessarily obtained for use in the case." District courts have broad discretion over the award of costs to a prevailing party under § 1920, and we review such a decision for abuse of discretion. *Zotos v. Lindbergh Sch. Dist.,* 121 F.3d 356, 363 (8th Cir.1997). "An abuse of discretion occurs where the district court rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions." *Lankford v. Sherman,* 451 F.3d 496, 503-04 (8th Cir.2006).

[6] N.B. The court authorized only $75 in *pro hac vice* costs in the antitrust case of *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 896 and 898 (8th Cir. 2009).  Defendants make no request for *pro hac vice* fees in this case, although Mr. Easley's home office is in New Jersey.

The court's analysis of Mr. Scheffler's claim relied only upon the verified complaint. The court did not rely upon Mr. Scheffler's deposition.[7]

The court disposed of the motion on the simple ground that Defendants' display of "Osseo, MN 763-447-0000" on Plaintiff's Caller ID was not a violation of the FDCPA at 15 U.S.C. §§ 1692d(6) and 1692e(10). No examination of Plaintiff's deposition or Mr. DelVechhio's deposition, the Defendants' joint Fed. R. Civ. P. 30(b)(6) witness, played a controlling role. Document 55, pp. 4 – 9.[8] The Defendants have failed to justify taxation of the costs of the depositions.

Finally, Mr. Scheffler proceeded *in forma pauperis*, as a recipient of Social Security Disability benefits. He sought to advance a principle not only for himself, but a prospective class of other individuals in the 763 area code. The court should relieve him from the burden of costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.[9]

---

[7] $1,266.20 at Doc. 58, Ex. B
[8] Relating to Plaintiff's statement that calling back 763-447-0000 resulted in a "fast busy", V.C. ¶ 26, Defendants denied the averment at ¶ 26 of each answer (Doc. 8 and 10). The court rested its decision on ownership of the number only. Doc. 55, p. 9. The DelVecchio Deposition cost Defendants $494.39. Doc. 58, Ex. A.
[9] *Marmo*, 457 F.3d at 762, supra (substantial discretion vested in district court in awarding costs).

## **CONCLUSION**

The court should deny the Defendants' motion for taxation of costs.

3 December 2013            Respectfully submitted:

PETER J. NICKITAS LAW OFFICE, LLC

/s/ *Peter J. Nickitas*

_____
Peter J. Nickitas, MN Att'y #212313
Co-counsel for the plaintiff
431 S. 7th St., Suite 2446
P.O. Box 15221
Minneapolis, MN 55415-0221
651.238.3445/FAX 1.888.389.7890
peterjnickitaslawllc@gmail.com

3 December 2013            Respectfully submitted:

s/Thomas J. Lyons

Thomas J. Lyons, Jr., Esq. Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707/Facsimile: (651) 704-0907
tommycjc@aol.com

Thomas J. Lyons, Esq. Attorney I.D. #65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707/Facsimile: (651) 704-0907
tlyons@lyonslawfirm.com